counsel ready you may proceed thank you and may it please the court the district court in this case did not make express findings whether two criminal history points should be assigned to a 2003 possession of controlled substance conviction in a 2004 controlled substance conviction instead what the probationers probation officers response to the objections of as its own without setting forth any additional facts now United States v. Flores says that the district court can rely on unchallenged fact factual statements in the pre-sentence report to find facts underlying a sentencing enhancement here however and in this particular case Mr. Pridgette did challenge both the the convictions in paragraph 51 of the pre-sentence investigation both in his in his objections and in the sentencing memo as well as the conviction referenced in paragraph 61 again both the probation officer filed a response and my understanding what he said is that he provided defense counsel the evidence this is paragraph 19 of the addendum to the pre-sentence report and if you look at what he says is that probation officer provided counsel with a copy of defense custody history and the defendant has not provided information to the contrary the and I it looks to me like that's what the district court relied on do you know what document the probation officers relying on here were you the lawyer below I was trial counsel you were trial counsel so you weren't intimately familiar with this stuff that's right your honor and in my objections you'll see that I made attachments to my objections saying if these are the documents that the government and the government then files a response to my objections to the PSI where they put on they they submit additional evidence additional documentation in support of the two of the the second point on the in on the criminal history at that point I when you say the second point what I mean I can the second conviction no I can see that each of the two convictions is a one point not but not a two point oh I'm sorry the the second point for you I'm sorry I didn't know no I understand so but we're still talking about the first conviction now right we're in that first conviction I attached these documents and I say these documents are inadequate in what the document says is that there's a conviction and that there is he's put on probation and given eight days credit for time served it also says that 60 days is imposed but given that this was a proposition 36 case I he didn't actually have to serve any of that the 60 days we're talking only about 59 at you know I'm familiar with all of those documents but I was actually asking a slightly different question and I don't think I articulated it quite the way I meant to the probation officer represents in paragraph 19 that he provided defense counsel with certain documents okay he makes a presentation doesn't tell us what documents they are okay what was he referring to or I mean I'm not asking you what's in his mind but what is it that he the probation officer actually gave you the documents which I attached to my objections to the PSI those documents that you attached are the documents that he gave you he didn't give you anything anything else yes that's right so if if anything I mean you're an officer of the court and that's your representation of course it's believed the that is a universal documents we are dealing with yes as far as I know well I do well I do know that it's if there are other documents out there they weren't they weren't given to me that's all I can say and presumably this record can't rely on stuff that's not given to you that's not present I would hope not I'm just trying to I'm just trying to nail down what the universe of documents is that is referenced in here the documents which I received from the probation officer are those documents which I attached to my pleadings okay counsel to what extent is the government conceding part of your argument obviously I'm not talking now about the restitution issue but with respect to this issue I notice in the red brief that the government acknowledges that the record documents do not establish the terms of projects custody for the offenses described in well I I think it's a concession that the documents in possession of that I presented in the documents that the government has and presented to the court don't establish and mr. project served more than 60 days on either of those I'm that's on the appellant's brief at 10 and I actually had quoted it right here but I think that that's a concession that the the state of the question is can the district court make a determination not supported by these doc this documentation merely on the assertion of the pre-sentence investigator that these documents were sufficient when when you look at the documents they're not I'm I'm not sure that he ever makes the research also that those documents are sufficient yes what I'm trying to figure out is whether probation officer is somewhere saying I've looked at other documents and take my words for it I've looked I mean there seems to be some indication that the probation officer looked at some not conviction that not superior court documents but documents of the of the correctional facility of the prison of the of the jail and somehow figured out that your client spent more time there and that's that's exhibit C to my objections to the PSI so that document is in the record I I look at it and I don't read it the way the probation that's a superior court document right that's the one that's titled superior court let's just make sure we we are talking about the same document this is is this the one that's that's in excerpts of volume to a page how can we tell how can I direct you to the page on this thing if it's not my copy is paginated your honor I obviously can't speak for yours well I have something called I have something called excerpts of record volume to following the seal and I have a document that says public case access on page that's a two-page document it looks like page 132 is that the one October 8 2014 on the lower right yes your honor it's on the way 2014 and it's where does it say our document number it's in the very last line and it's overridden by some other typing but in the very center at the bottom it says excerpt 0 1 32 0 0 1 32 yeah this is a good way not to do excerpts of record yes those are they luckily those are the only two pages and of course are the ones that became important what are we to make with these these two pages 132 133 right yes what we make of these records is that mr. Pritchett was given eight days credit for time served he failed to appear at one point a bench warrant was issued he was arrested he spent another day eight days in jail before he was put back on probation he failed again to appear another bench warrant was issued he was arrested again on that bench warrant he spent seven days in jail and then the case was dismissed presumably due to a plea agreement where he pled guilty to a more serious charge I'm sorry this does not speak to the first conviction at all oh no I'm done this this only speaks to the second conviction that's it doesn't matter because yeah if you can push back one point to the first conviction you win right so this document has no relevance it no matter how you read it has no relevance to the first conviction yeah this has nothing to do with 59 this has to do with 61 that's correct but it's but either one would cause a reduction by one point if it's and then we're down to criminal history five instead of six that's correct so all you need is one point exactly so your answer you think this is a document that the probation officer refers to and your answer is it doesn't say anything about the first conviction at all yes and it doesn't prove that and what it says about the second one is a little obscure but but insufficient in my view okay well why don't we hear from the good morning your honors may it please the court if I may I would like to is it is it correct that you concede there's no document in the record supporting the second point on those two convictions your honor it's correct that the government concedes that the documents attached to the briefing obtained from the California court by themselves you know that's not the question I asked and answering it doesn't really do the job so let me try again and then stop with a yes or no and then you can explain all you want is it correct that the government concedes there's no document in the record that supports the second point on either of the two prior convictions your honor I answer no to that question because we believe the addendum to the PSR is part of the record and that does support the second point I'm sorry so the answer to my question is no true so what you said in your brief was wrong I don't believe you conceded that the portion of the way that judge Scanlon cited we're talking about page 10 of your red brief right I don't believe it is wrong your honor I believe perhaps I'm I'm using the word record differently than you are in your questioner I'm not understood if by record if there's one thing we have to sort of having come this is this is not quantum physics you know what is the record is something that we ought not to have disagreements about as you stand there you know we got lots of lawyers the record I mean is there any doubt as to what's what is the record I don't believe so your honor okay so you brief seems to say there's no document in the record I'll read it again the government acknowledges that the record documents do not establish the terms of projects custody for the offenses described in 59 and 61 and of course they want to say they do establish facts of conviction your honor that was our error in using the word record to refer to the court record documents so you are you are disavowing what you said in your brief and you're taking a different position now no your honor I'm really not trying to take a different position now I'm trying to distinguish between the record from the California court which are the attachments to the parties briefs filed below and the addendum to the PSR which I take to be part of the record because it's in the record and I believe it's the addendum to the PSR that is the key to this whole argument you write this brief I did your honor with assistance from co-counsel I'm sorry yes your honor with assistance from co-counsel I think you need to go back to school for learning what you know the record is the record before us when you talk about the record you're talking about what's in the record what's what are the things we review this is just a fundamental precept of appellate jurisprudence I sure there are criminal records are other kinds of records up here but when we talk about the record we're talking about what so you are taking back what you said in your brief or you're attempting to so go ahead and explain I mean as I read the brief it's pretty clear that it says it's not in the record so if you want to take it back now we'll consider that and explain to me what it is that you think there is in the record but your honor if if I may I will read the sentence and then attempt to explain it I apologize for causing this confusion the government acknowledges that the record document no no let's get past that okay you are stuck with whatever you said understand see whether we'll let you take it back we'll have to consider it by assuming we'll let you take it back what is it that you point to that is in the record your honor the government believes so identify the document and your honor the key document is the addendum to the PSR at page 4 paragraphs 17 what page in the record your honor the addendum to the PSR is not numbered as a page in the record it's document it's in the excerpts of record isn't it it is in no your honor it's filed under seal so it's not in the excerpts of record the excerpts of record are filed under seal your honor the way we received the excerpts of record volume 1 and 2 the PSR came separately from the excerpts of record okay I have the PSR okay all right and I have the addendum what page thank you your honor your honor the addendum page 4 okay and what paragraph that's the same page we were talking about recently with your opposing counsel with respect to paragraph 19 yes your honor all right yes your honor it is the government's position that these paragraphs that address I'm sorry okay what language the two convictions at issue here are convictions 59 and 61 regarding conviction 59 it's addressed in paragraph where you're reading from paragraph 19 on page 4 your honor the probation officer also provided counsel yes your honor I'm sorry so what the language are relying on relying on the language where the probation officers is the second sentence the probation officer noted in paragraph 59 that the information was limited but sufficient to attribute criminal history points the defendant has not provided any information to the contrary so what is he referring to there he's referring to the custody history at the Sacramento County Detention Facility as you describe it where is that document that document is not in the record and where does he say I have examined a he says the probation officer what he says is that he provided documents he referred the documents he provided defense counsel yes sir so is that document one of the documents provided defense counsel the the one that he's referring that you say he's referring to it's the government's position that these documents are not in the record it's our position what the paragraph says is I have provided documents I'm relying on documents I've provided defense counsel right it does not refer to any documents not provided the defense counsel right okay so is your position that this refers to documents not provided defense counsel or are you saying that defense counsel got these documents that the probation officers relying on the latter your honor the probation officer so we you've heard opposing counsel and he says the universe of things that he has gotten he is listed are you saying he's a liar I'm not saying he's a liar what are you saying our understanding was have you seen did you get those documents no your honor so you haven't seen the document true defense counsel tells us he had no document from the Sacramento detention facility given to him by the by the by the probation officer he did state that your honor okay so what you want us to so to follow your argument is we have to infer that the probation officer looked at some other document that he has not provided to defense counsel and that's the document you're relying on defense counsel statement today no just answer my question yes well your honor it's my understanding from what I read here that he did provide it to defense counsel and it was my understanding from the record that those documents were not attached to our briefs so it's the government's position so that according to your understanding is our things that the probation officer provide only to defense counsel not to the government true is that unusual not necessarily I mean he could provide something to defense counsel's objections and give defense counsel the opportunity to rebut wouldn't that be something that he provide the government to so the government could make sense of the response of defendant's response I mean I've never heard of that where probation office provides defendant a document that he doesn't provide the government but in any event you did not get any such document true you have not seen such document true you don't even know that such a document exists only to the extent that it's referenced by okay so what is it that he says here that makes you think there is such a document the probation officer says that he obtained the documents from no no just give me a quote me the language in paragraph 18 it says the probation officer provided the criminal records received from the collateral investigation the records confirmed from Sacramento County Superior Court Sacramento County detention facility and that your honor I think is key is there's documents from the court and there's documents from the detention facility the documents from the court are attached to the party's briefs if we look at the documents attached the party's briefs they appear to be from a court but the probation officer here is talking about documents obtained from a detention facility looking at the documents attached to parties briefs there where does he say that he is relying on that document to me really 19 he seems to be saying look everything I relied on I provide the defense counsel that's what 19 says to me where does he say oh there was also this other document that provided neither the government nor defense counsel but trust me I looked at it and that's what it says or in effect where does he say that which which words that he uses he doesn't say that he didn't provide it to defense counsel he says that he did but he refers to records from this again in paragraph 21 records from the Sacramento County detention facility outlining that the defendant was returned to custody on several occasions so the probation officer is representing to the parties and to the court that he has these records from the Sacramento he says he provided counsel with a copy of records of the Sacramento County defense facility defense counsel tells us he'd got no such thing you provide you say you got no such thing now how do we assuming there are such documents how do we verify that the probation officer wasn't misleading them wasn't drunk that under the influence of drugs I mean I'm not we don't often just take people's words for it he's not on the oath right this year is was he subject to cross examination we are it's not like he's a witness and you know you put them on the stand and you can cross-examine him the documents lost right yeah I understand what the court is saying certainly there's no way to verify his particular and there's no document at all having showing that that defendant served more than 60 days on the first conviction all the documents we have none of them go back that far right correct the documents attached to the pleadings and that's what we meant in our brief I believe is the documents attached the pleadings do not establish the terms of the time that he served but with the addition of the PSR and you're not ready to confess no your honor I believe that with the language in the addendum to the PSR it was not an abuse of discretion for the court to rely on the PSR's findings that the defendant had served more than 60 days let me ask you a question if I may just for another of a person to be in jail prison a longer time based on documents the government hasn't seen your honor the government turns to the role of the probation officer for the court to answer that question probation officer is the one in the process most familiar with reviewing custody records most familiar with establishing criminal history points in this case the probation officer looked at the detention records from the county facility unless we think he was lying or otherwise misleading the court and calculated the number of days served and the district court relied upon that there objections with sub objections these were two of the objections among a whole range of things that were addressed at sentencing but doesn't Flores impose upon the court the duty to resolve the factual dispute and that wasn't done here and the government obviously has the burden of proof agreed your honor that we do have the burden of proof and I would like to address floors if the the floor is court did hold that a district court may not adopt conclusory statements unsupported by the facts or the guidelines that's kind of what we have here isn't it well I'd like to if I may contrast the situation in the floor is court with what we have here for us court went on to say that the district court's failure to do so is not procedural error or adequate explanation may be inferred from the PSR or the record as a whole in the situation in Flores was whether a young person was a minor at the time the minor participated in the conspiracy and the PSR contained a statement that established that she was 17 when she met Flores and started on drugs but it contained no statement about how old she was when she joined the conspiracy no statement at all so in our case there is a contrast the facts in our case are stronger because the PSR does contain a statement it contains a definitive conclusion that the defendant served more than 60 days based upon the probation officers review of the detention records and what is that statement where he says I have reviewed the detention records and that's what they provide I mean just to make sure I understand where does he say that yes your honor that government is relying entirely on the statement in the addendum to the PSR that we just reviewed a few minutes ago give me a paragraph your honor that was page 4 of the addendum to the PSR conviction the first conviction is addressed in paragraphs 18 and 19 and the second conviction is addressed in paragraphs 20 where does he say I've reviewed those prisons records and I rely on them he says in paragraph 19 that he provided the custody records probation officer noted the information was limited but sufficient to attribute criminal history points the defendant has not provided any information to the contrary and I think that last statement is interesting because it does show that the probation officer reviewed what the defendant provided and then made a two criminal history points that counsel does your does your government office have a policy in writing that says we take what a probation officers say so is on terms of confinement without looking at any doc your honor we certainly don't have a policy that says we take the probation officer at their word on that I would say it's not unusual when a probation officer reaches a conclusion that we rely upon the probation officers conclusion but as to the period a person was incarcerated you don't require the doc require your honor no I'm having trouble understanding is why a probation officer would give documents to defense counsel and not have those same documents given to the government and I will acknowledge your honor I mean the record could be better it would obviously be better if these documents were in the record or if counsel and I agreed upon whether these documents were in the record okay thank you that's fair but what I asked the court to do is to look at the addendum to the PSR I think we understand the position what I've asked you to do is when you go back to the office I want you to talk to the US attorney is it mrs. Olson yes your honor okay I'd like you to sit down with her and explain to her maybe she can play the tape of this and tell her I suggest this is a time for the government to confess here we'll give you two days if we'll defer submission give you a chance to confess here your honor I appreciate that direction and I will take that to the US attorney to talk to the US attorney about it for the probation officer to be operating here without providing documents rely on documents that's provided to apparently neither defense counsel you're not questioning the integrity of defense counsel when he says he's spoken to everything he's gotten and that you tell me you haven't and the probation officers operating on these documents that nobody else seems to have seen just seems something that should be troubling to the to the to the government as much as the defense counsel we'll give you two days in case the government chooses to back away from this policy this this procedure okay if we don't if we don't hear from the from you or the US attorney in 48 hours we will submit the case and you will get a decision I understand your honor I appreciate the clear guidance thank you we will take a brief recess
judges: Kozinski, O'scannlain, Gould